The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>1. ELVIN IRIAS-ESCOTO,<br>2. SELVIN PONCE-MARADIAGA,<br>3. HECTOR ROSALES-MARTINEZ, and<br>4. SAMMY MARADIAGA-ESCOTO,<br><br>Defendants. | NO. CR24-092-KKE<br><br>**PROTECTIVE ORDER** |

Upon the unopposed motion of the United States, and the Court being advised as to the nature of this case and having considered the record and files herein, the Court finds there is good cause to grant the motion and:

IT IS HEREBY ORDERED that discovery materials discussed in the Motion for a Protective Order and referred to therein as "Protected Material," marked specially as "Protected Material," may be produced to counsel for the defendants in this case.

IT IS FURTHER ORDERED that defense counsel shall not provide Protected Material or copies thereof to any other person outside his or her law office, including the defendants or their family or associates. A defendant residing at the Federal Detention

Protective Order - 1
*United States v. Irias-Escoto, et al.* / CR24-092-KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Center ("FDC") is permitted to review the Protected Material, consistent with the regulations established by the Bureau of Prisons, with or without counsel in a controlled environment at the FDC, but is prohibited from printing out, copying, or otherwise disseminating the discovery. Defendants on pretrial release are permitted to review the Protected Material at the offices of their counsel, but are prohibited from printing out, copying, or disseminating the discovery.

IT IS HEREBY FURTHER ORDERED that the defendants, defense counsel, and others to whom disclosure of the content of the Protected Material may be necessary to assist with the preparation of the defense (including members of the defense team such as investigators, paralegals, law clerks, experts, and assistants), shall not disclose the Protected Material or its contents, other than as necessary for the preparation of defenses at trial and in subsequent appellate proceedings, if necessary. Specifically, the attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the defendants and other persons is prohibited, and agree not to duplicate or provide copies of the Protected Material to the defendants and other persons. This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, the Court, or witnesses in order to pursue other investigations or the prosecution in this case. Nor does it limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to the defense as necessary to comply with the government's discovery obligations.

Nothing in this Protective Order prohibits each defense counsel from showing the Protected Material, or reviewing its contents, with his or her respective defendant or with others to whom disclosure may be necessary to assist with the preparation of the defense at trial and in subsequent appellate proceedings, if necessary.

Protective Order - 2
*United States v. Irias-Escoto, et al.* / CR24-092-KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Further, upon written agreement with counsel for the government, members of a defense team may provide copies of specific Protected Material, or redacted versions of such material, to a defendant. When seeking the government's agreement to give such a copy to a defendant, members of the defense team will identify with reasonable particularity, including (where available) the specific Bates-numbered pages and/or recording descriptions, the specific material defense counsel proposes to give to the defendant. Unless expressly stated otherwise by the government, copies of Protected Material to be provided to the defendant will continue to be Protected Material subject to all of the protections of the Court's Order, with the sole exception that a copy can be given only to the defendant (and not shared with anyone else outside the defense team). If counsel for the government and counsel for the defendant cannot reach agreement on whether particular portions of the Protected Material or redacted versions of Protected Material should be given to a defendant under these conditions, defense counsel may raise the issue with the Court by way of a motion.

IT IS FURTHER ORDERED that if counsel for any party finds it necessary to file any documents marked as Protected Material, the material shall be filed under seal with the Court.

Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. The parties agree that in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms of the Order to the attention of the government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court by way of a motion.

Protective Order - 3
*United States v. Irias-Escoto, et al.* / CR24-092-KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Nothing in this Order should be construed as imposing any discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure. The failure to designate any materials as provided in paragraph 2, above, shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

IT IS FURTHER ORDERED that at the conclusion of the case, the Protected Material shall be returned to the United States, or destroyed, or otherwise stored in a manner to ensure that it is not subsequently duplicated or disseminated in violation of this Protective Order.

IT IS FURTHER ORDERED that the provisions of this Order shall not terminate at the conclusion of this prosecution.

DATED this 8th day of July, 2024.

*(signature)*

Kymberly K. Evanson
United States District Judge

Presented by:

*s/ Jessica M. Ly*
JESSICA M. LY
Special Assistant United States Attorney

Protective Order - 4
*United States v. Irias-Escoto, et al.* / CR24-092-KKE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970